

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

August 12, 2022

**Via ECF:**
The Honorable Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: **Flores, *et al* v. Boro Concrete Corp., and Martin Moore, as an individual**
Civil Docket No.: 21-cv-05006 (JMF)

Dear Judge Furman:

This office represents the Plaintiffs and opt-in Plaintiffs in this FLSA action, and we submit this letter motion to respectfully request an informal teleconference with the Court relating to Plaintiffs' anticipated Motion to Compel, the nature of which is set forth herein.

As the Court is aware, we apprised the Court on June 13, 2022, that: "[e]arlier today, our office spoke with Defendants' counsel, who informed us that for the first time in two months…that Defendants were no longer able to settle on the terms previously discussed," and as such, Plaintiffs had "lost two months in discovery as a result." *See*, Dkt. No. 62.

On June 16, 2022, a conference was held in person before Your Honor, with counsel for all parties present. As stated on the record during the conference, and as directed within Your Honor's order dated June 17, 2022: (1) the deadline for discovery in this matter is extended until August 26, 2022, and no further extensions will be granted; and (2) a pretrial conference is scheduled for August 31, 2022, at 3:45 p.m. *See*, Dkt. No. 64.

In order to comply with Your Honor's above deadlines in this matter, on June 17, 2022, Plaintiffs promptly served defense counsel with the following: 1. Plaintiffs' Notice of Deposition of defendant, MARTIN MOORE, which Plaintiffs noticed to be held on Tuesday, August 2, 2022, at 10:00 a.m.; 2. Plaintiffs' First Set of Document Demands, returnable within 30 days thereof; and 3. Plaintiffs' First Set of Interrogatories, which too, were due within 30 days thereof.

To date, our office has not received *any* discovery documents from the Defendants, and moreover, as a result of Defendants' noncompliance with Plaintiffs' above-referenced demands, the duly Noticed deposition of MARTIN MOORE, was not held.

Prior to filing this letter motion seeking judicial intervention for these discovery issues, our office made *numerous* good faith attempts at contacting defense counsel to resolve these issues– several times via email, and several times via telephone calls to defense counsel's office, and defense counsel's cell phone – all of which, have been to no avail.

On July 18, 2022, the undersigned Emailed defense counsel to "follow up on the Defendants' Response to Plaintiffs' Discovery Requests – all of which, were due by today." The undersigned requested an update from defense counsel on the status of Defendants' responses, but received no response. Moreover, our office's subsequent telephone calls to defense counsel went unanswered, and our voicemails unreturned.

It was not until Tuesday, August 2, 2022, that the undersigned was able to speak with defense counsel regarding the outstanding discovery, and the August 26, 2022 discovery deadline for which no further extensions would be granted. During this call, defense counsel asserted, for the first time, that Defendants have, in his/their possession, a voluminous quantity of time/pay records relating to Plaintiffs' claims. Defense counsel further represented to the undersigned that he would provide those records to the undersigned, "by Friday, by the end of the week," which meant, by August 5, 2022. Defense counsel further represented to the undersigned that if he would be unable to serve Defendants' records by Friday, August 5, 2022, then he would do so "by Monday," August 8, 2022.

These representations were confirmed in an Email, from the undersigned, to defense counsel, on Tuesday, August 2, 2022, at 3:13 PM, in which the undersigned wrote: "[a]s we discussed a few minutes ago, you stated that you anticipate you will be able to provide us Defendants' discovery responses, and Defendants' records by the end of this week; additionally, that you will let us know via Email, by this Friday, about a date for Martin Moore's Deposition. Thus, I await your response and remain available to provide any additional information, thank you." Yet, these deadlines came and passed without *any* records being provided, as Defendants represented.

To date, Plaintiffs have not been provided any of the promised records, and worse, the undersigned has not heard from defense counsel at all since our August 2nd conversation.

Therefore, on August 9, 2022, at 5:27 PM, the undersigned again Emailed defense counsel (a third time), requesting any update as to the above-referenced discovery items; yet again, we have not received *any* response whatsoever.

Plaintiffs' above efforts, constitute Plaintiffs' numerous attempts to confer in good faith in an effort to resolve the discovery dispute in this matter, but, with the August 26, 2022 discovery deadline rapidly approaching, it is apparent that Plaintiffs are unable to do so absent judicial intervention. Worse yet, compounding matters and specifically, Defendants' noncompliance with the Plaintiffs' Notice of Deposition of defendant MARTIN MOORE, we just learned that Defendant MARTIN MOORE, indeed, had personally appeared for a deposition, on August 11, 2022, *in person*, in the matter of <u>Porter et al v. Mooregroup Corporation et al</u> (17-cv-07405)

(EDNY).  Lastly, on several occasions throughout yesterday, August 11, 2022, prior to filing this letter we attempted again to contact defense counsel at their office during normal business hours, and never received any response.

Accordingly, based on the foregoing, the Plaintiffs respectfully request that the Court issue an Order, either  1. Scheduling an informal teleconference with the parties on Plaintiffs' anticipated Motion to Compel; or  2. Granting Plaintiffs' within application compelling Defendants to provide a date certain for the Deposition of defendant Martin Moore, as an individual, as well as a date certain by which Defendants will provide responses to Plaintiffs' outstanding discovery, namely, Plaintiffs' First Set of Document Demands, and First Set of Interrogatories, and all responsive documents within their custody, control, or possession.

We thank Your Honor for his consideration on this matter, and we remain available to provide any additional information.

Respectfully submitted,

*Avraham Y. Scher*
Avraham Y. Scher, Esq.

**CC**:  counsel for defendants via ECF and Email:

Timothy Kilgannon, Esq.
ROSSI, CROWLEY, SANCIMINO & KILGANNON, LLP
42-24 235th Street, Douglaston, NY 11363
Tel.: (718) 428-9180
Email tkilgannon@rcsklaw.com

Per the Court's Rules, Defendants had three business days - until August 17, 2022 - to file any opposition to this letter motion.  No opposition has been filed.  Accordingly, the motion to compel is GRANTED as unopposed and for the reasons stated in this letter.  No later than **August 24, 2022**, Defendants shall provide responses to ALL of Plaintiffs' outstanding discovery (including but not limited to Plaintiffs' First Set of Document Demands and First Set of Interrogatories).  Mr. Moore shall sit for a deposition no later than **August 31, 2022**, at a time to be agreed upon by counsel.  Defendants are cautioned that their conduct to date is arguably sanctionable and that failure to comply with any of the foregoing will certainly result in sanctions, up to and including entry of default judgment.

The Clerk of Court is directed to terminate ECF No. 65.

SO ORDERED

August 19, 2022