UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JOSE ELMER FLORES et al.,                                               :
:
                        Plaintiffs,                 :
:      21-CV-5006 (JMF)
          -v-                                                 :
:           ORDER
:
BORO CONCRETE CORP. et al.,                                             :
:
                        Defendants.                 :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On September 30, 2022, Plaintiffs filed motions for sanctions and default judgment. In their motions, Plaintiffs seek relief not only for the named plaintiffs in the operative Complaint, ECF No. 1, but for two opt-in plaintiffs as well, ECF No. 13. *See* ECF No. 74, ¶¶ 1-2; ECF No. 76, ¶¶ 78(h)-(i). "In cases where a collective action has not been certified," however, "courts in this district have repeatedly held that without service of an amended pleading that incorporates the opt-in plaintiffs' claims, there is no legal basis upon which to award damages, attorney's fees, and costs to the opt-in plaintiffs." *Suriel v. Cruz*, No. 20-CV-8442 (VSB), 2022 WL 1750232, at *7 (S.D.N.Y. Jan. 10, 2022), *adopted*, 2022 WL 1751163 (S.D.N.Y. May 31, 2022). *See also, e.g.*, *Baca v. 24 Hour Laundromat*, No. 15-CV-6707 (JFB), 2017 WL 1216574, at *1 (E.D.N.Y. Mar. 31, 2017) ("Courts in this Circuit have held that a default judgment is not warranted as to any potential opt-in plaintiffs who may subsequently consent to become a party to this action absent an amended complaint specifically naming the opt-in parties." (cleaned up)).

       Accordingly, the Court *sua sponte* grants Plaintiffs leave to amend their Complaint to add the two opt-in plaintiffs as parties. *See Wuzi Jiao v. Kitaku Japanese Rest., Inc.*, No. 16-CV-2694 (RRM), 2020 WL 2527588, at *4 (E.D.N.Y. Mar. 13, 2020), *adopted*, 2020 WL 2523109 (E.D.N.Y. May 18, 2020) ("In circumstances [identical to those here], the typical course of action has been to grant leave to amend the complaint, while deferring a ruling on default judgment as to any named plaintiffs until the opt-in plaintiffs are formally joined."). Plaintiffs shall do so by **November 28, 2022**, and Defendants shall file any answer **within one week**. *See, e.g.*, *Adecco USA, Inc. v. Staffworks, Inc.*, No. 20-CV-744 (MAD), 2022 WL 16571380, at *1 n.1 (N.D.N.Y. Nov. 1, 2022) ("The fourteen day time period for responses to an amended pleading under Rule 15(a)(3) of the Federal Rules of Civil Procedure is not applicable where the Court has 'order[ed] otherwise' under that rule."). The Court will reserve judgment on Plaintiffs' motions — which are otherwise fully submitted — pending the amended complaint.

       Additionally, Plaintiffs request that the Court award them damages and attorney's fees based on the record. *See* ECF No. 76, ¶¶ 75-80; ECF No. 74, ¶¶ 66 & n.3. The record, however,

is currently inadequate to support that request. With respect to damages, Plaintiffs have not provided documentary evidence, based upon personal knowledge, to support the underlying assumptions in their calculations (each plaintiff's dates of work, wage rate, etc.). *See, e.g., Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (holding that "[t]here must be an evidentiary basis for the damages sought by [the] plaintiff," which, in the absence of an inquest or evidentiary hearing, can be determined only "upon a review of detailed affidavits and documentary evidence"). And regarding attorney's fees, Plaintiffs' counsel have not submitted timesheets or any other contemporaneous records to show that their request is reasonable. *See, e.g., Scott v. City of N.Y.*, 626 F.3d 130, 133 (2d Cir. 2010) (per curiam) ("All applications for attorney's fees . . . should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done."). Plaintiffs are granted until **December 2, 2022**, to cure these defects.

    SO ORDERED.

Dated: November 21, 2022
       New York, New York

                                        JESSE M. FURMAN
                                        United States District Judge