UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
 :
JOSE ELMER FLORES et al.,  :
 :
 Plaintiffs,  :
 :   21-CV-5006 (JMF)
  -v-  :
 :   MEMORANDUM OPINION
BORO CONCRETE CORP. et al.,  :   AND ORDER
 :
 Defendants.  :
 :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

  In this case, familiarity with which is presumed, nine craftsmen sue their former employer, Boro Concrete Corporation ("Boro Concrete"), and its owner, Martin J. Moore, for flouting federal and state labor laws.[1] Specifically, Plaintiffs allege that Defendants (1) did not pay them overtime wages, in violation of the Federal Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law (the "NYLL") § 652; (2) neglected to furnish them with wage notices at their times of hiring, in violation of NYLL § 195(1); and (3) failed to provide them with pay stubs at the end of each pay period, in violation of NYLL § 195(3). Plaintiffs now move to strike Defendants' Answer, as a sanction pursuant to Rule 37 of the Federal Rules of Civil Procedure, and for entry of default judgment. *See* ECF Nos. 73, 75. For the reasons that follow, Plaintiffs' motion for sanctions is GRANTED, as is their motion for entry of default judgment, although the Court reserves judgment on damages and fees.

---

[1]  Plaintiffs are Jose Elmer Flores, Cesar Reyes-Argueta, Melvin Vigil Mejia, Mauricio Pereira, Jose Serrano Guzman, Hector Calero Aguilar, Jaime Mejia, Jose Benedicto Miranda Portillo, and Daniel Miranda Portillo. Plaintiffs originally named a third Defendant as well, but the claims against him were voluntarily dismissed. *See* ECF No. 15.

## PROCEDURAL HISTORY

Plaintiffs commenced this action on June 7, 2021, and properly served Defendants shortly thereafter. *See* ECF Nos. 1, 10-11. Defendants failed to appear by the deadline to answer — their first of many failures to comply with deadlines and Court orders — so Plaintiffs obtained certificates of default from the Clerk of Court and moved for default judgment. *See* ECF Nos. 22-24. On October 21, 2021, the Court held a default judgment hearing, to which Defendants, through counsel Timothy Kilgannon, actually appeared. *See* October 21, 2021 Minute Entry; *see also* ECF Nos. 32-33. At the hearing, the Court granted Defendants an extension until November 15, 2021, to respond to the motion for default judgment, a deadline that was later extended, first to November 29, 2021, *see* ECF No. 35, and then to January 7, 2022, *see* ECF No. 36 ("Defendants are advised that no further requests to extend [the January 7, 2022] deadline will be granted."). Thereafter, Plaintiffs' motion for default judgment was withdrawn and Defendants filed their Answer. *See* ECF Nos. 39, 41.

On February 11, 2022, the Court entered a Case Management Plan and Scheduling Order, setting July 11, 2022, as the deadline for completion of all discovery. *See* ECF No. 45. On April 13, 2022, however, Defendants advised the Court that the parties had reached a settlement in principle. ECF No. 51. By Order entered April 14, 2022, the Court gave the parties until April 28, 2022, to submit their settlement agreement for judicial review in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* ECF No. 53. The parties failed to comply with that Order, however, so on May 6, 2022, the Court entered an Order *sua sponte* extending the parties' deadline to May 12, 2022 "[a]s a courtesy." ECF No. 55. But they did not meet that deadline either. On May 13, 2022, Plaintiffs advised the Court that they had not heard from Defendants for weeks because Kilgannon had not responded to any calls or emails. ECF

No. 56. Plaintiffs requested, and the Court granted, another two-week extension of the deadline to submit the parties' settlement agreement. *See* ECF No. 57. When that deadline came and went with nothing, the Court ordered the parties to appear for a conference. *See* ECF No. 58. That finally brought Kilgannon out of the woodwork, in the form of a letter noting that he had had "difficulty" contacting his clients and that his clients had had "difficulty" in determining how to fund "the settlement." ECF No. 60. A few days later, Plaintiffs filed a letter reporting that Defendants were no longer willing "to settle on the terms previously discussed" and seeking an extension of time to complete discovery. ECF No. 62.

At the conference that followed, the Court admonished both sides about their failures to comply with deadlines and, most relevant here, warned Defendants that future failures to comply with their obligations and Court orders could result in entry of default judgment. The Court then granted the parties until August 26, 2022, to complete discovery, with the warning that "[n]o further extensions" would be granted. ECF No. 64. The Court did not hear from the parties again until August 12, 2022, when Plaintiffs moved to compel Moore to sit for a deposition and for Defendants to produce certain outstanding discovery. ECF No. 65. Prior to filing that motion, Plaintiffs' counsel had reached out to Kilgannon at least five separate times; when counsel finally did reach Kilgannon, he made promises to produce discovery that he then failed to keep. *See* ECF No. 74 ("Pls.' Sanctions Mem."), ¶ 25. Continuing a pattern, Defendants did not respond to Plaintiffs' motion. Accordingly, on August 19, 2022, the Court ordered Defendants to produce all outstanding discovery by August 24, 2022, and that Moore sit for a deposition by August 31, 2022. ECF No. 66. The Court's endorsement included the following admonition: "Defendants are cautioned that their conduct to date is arguably sanctionable and

3

that failure to comply with any of the foregoing will certainly result in sanctions, up to and including entry of default judgment." *Id.*

Despite the Court's warnings, Defendants blew these deadlines as well.  At a conference on August 31, 2022, the Court declared discovery to be closed and directed Plaintiffs to "file a motion for sanctions seeking, *inter alia*, striking of the answer, entry of default judgment, and recovery of attorney's fees."  ECF No. 70.  The Court "urged" Defendants "to voluntarily cure their discovery deficiencies" before Plaintiffs' deadline to file a sanctions motion, noting that it would "weigh that heavily in deciding whether to impose sanctions and, if so, what sanctions to impose."  *Id.*  Perhaps unsurprisingly given the history recounted above, Defendants did not cure their discovery deficiencies by Plaintiffs' deadline to file a sanctions motion.  *See* Pls.' Sanctions Mem. ¶ 30.  In addition, however, they did not even respond to Plaintiffs' motions for sanctions and entry of default judgment.  Five days after Defendants' deadline, on October 19, 2022, the Court issued an Order to Show Cause directing them to "show good cause in writing why Plaintiffs' motions should not be deemed unopposed."  ECF No. 78.  "Failure to show such good cause," the Court warned, "may result in Plaintiffs' motions being granted as unopposed."  *Id.*  Once again, that deadline came and went with no word from Defendants.

Nor is that the last time Defendants failed to comply with a Court-ordered deadline.  In their motion for default judgment, Plaintiffs sought relief not only for Plaintiffs named in the original complaint, but for two opt-in Plaintiffs as well.  *Compare* ECF No. 1 (the original complaint), *with* Pls.' Sanctions Mem. ¶¶ 1-2, and ECF No. 76 ("Pls.' Damages Mem."), ¶¶ 78(h)-(i).  By Order entered on November 21, 2022, the Court granted Plaintiffs leave to file an amended complaint to add the two Plaintiffs, noting that, "[i]n cases where a collective action has not been certified, . . . courts in this district have repeatedly held that without service of an

4

amended pleading that incorporates the opt-in plaintiffs' claims, there is no legal basis upon which to award damages . . . to the opt-in plaintiffs." ECF No. 79 (internal quotation marks omitted). On November 28, 2022, Plaintiffs filed the operative First Amended Complaint naming all Plaintiffs. ECF No. 80 ("Compl."). Defendants had one week to answer or otherwise respond to the First Amended Complaint, *see* ECF No. 79, but failed to do so.

## DISCUSSION

As noted, Plaintiffs move for sanctions — most significantly for an order striking Defendants' Answer — and for entry of default judgment. The request to strike Defendants' Answer is arguably moot in light of the fact that Defendants failed to answer the operative First Amended Complaint. Be that as it may, the Court will address each request in turn.

**A. Sanctions**

If a party fails to fulfill its discovery obligations, Rule 37 grants a district court "wide discretion in imposing sanctions." S*hcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007) (internal quotation marks omitted). A court can choose to strike that party's pleading, Fed. R. Civ. P. 37(b)(2)(iii), or "in extreme situations," enter default judgment against it, Fed R. Civ. P. 37(b)(2)(vi). *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (internal quotation marks omitted). In determining the appropriate sanction, the court should consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (internal quotation marks omitted); *see also Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). The bottom-line requirement is "only that the . . . orders be just." *S. New Eng. Tel. Co.*, 624 F.3d

at 144 (internal quotation marks omitted); *see also Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

Evaluating these factors, the Court easily concludes that Defendants' actions warrant both striking their Answer and entry of default judgment.  First, Defendants' repeated noncompliance with multiple Court Orders was plainly willful.  As just one example of many, the Court ordered — in no uncertain terms — that "no later than August 24, 2022, Defendants *shall* provide responses to ALL of Plaintiffs' outstanding discovery," and that "Mr. Moore *shall* sit for a deposition no later than August 31, 2022."  ECF No. 66 (emphases added).  Neither happened.  When questioned about why that was the case, Kilgannon did not even attempt to justify it, admitting that he could not "explain why."  ECF No. 71, at 7; *see Zhu v. Matsu Corp.*, No. 18-CV-203, 2022 WL 972422, at *12 (D. Conn. Mar. 31, 2022) ("Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control."  (cleaned up)).  Kilgannon also ignored Plaintiffs' counsel's repeated overtures to try and resolve Defendants' discovery deficiencies.  *See* Pls.' Sanctions Mem. ¶ 25.  Instead, he strung Plaintiffs' counsel along, promising productions that never materialized.  *See id.*  Making matters worse, this behavior was consistent with Defendants' "sustained recalcitrance" throughout the suit.  *Guggenheim Cap.*, 722 F.3d at 451; *see Palaghita v. Alkor Cap. Corp.*, No. 19-CV-1504 (ARR), 2021 WL 4464121, at *5 (E.D.N.Y. Aug. 20, 2021), *adopted*, 2021 WL 4463483 (Sept. 29, 2021) ("When evaluating the reason for a defendants' conduct, courts consider the defendants' broader refusal to meaningfully participate in the litigation." (cleaned up)).

Second, given Defendants' longstanding pattern of recalcitrance — from their failure to timely answer the original complaint in October 2021 to their failure to comply with the Court's August 19, 2022 discovery order to their failure to answer the First Amended Complaint — there is no reason to believe that a lesser sanction would be effective. *See S. New Eng. Tel. Co.*, 624 F.3d at 148 ("District courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." (cleaned up)). If anything, there is good reason to believe that a lesser sanction would be ineffective. Defendants ignored at least three separate warnings from the Court that noncompliance might result in default judgment being entered against them. *See* ECF Nos. 66, 70, 78. If fear of entering a default judgment does not motivate a party to behave, it is unlikely that any other remedy provided by Rule 37 would. *See, e.g.*, *Fajardo v. Arise News, Inc.*, No. 15-CV-6912 (PKC), 2016 WL 2851339, at *2 (S.D.N.Y. May 13, 2016) ("Because the warning of a potential sanction was ignored by the defendants, the Court concludes that no lesser sanction would be efficacious."); *Zhu*, 2022 WL 972422, at *13 (same).

Third, as noted, Defendants have been misbehaving for months. Most notably, they failed to produce *any* meaningful discovery even though the Case Management Plan and Scheduling Order, ECF No. 45, was entered over nine months ago. *See* Pls.' Sanctions Mem. ¶ 57; *see also, e.g.*, *Palaghita*, 2021 WL 4464121 at *6 (finding noncompliance of only a couple of months enough to impose dispositive sanctions, and collecting cases). And finally, Defendants were warned multiple times that continuing noncompliance could result in sanctions, up to and including entry of default judgment. *See, e.g.*, ECF Nos. 66, 70. Moreover, in ordering Plaintiffs to file the instant motion, the Court explicitly advised Defendants that if they fulfilled their outstanding discovery requests, it would "weigh that heavily in deciding whether to

7

impose sanctions and, if so, what sanctions to impose." ECF No. 70; *see, e.g.*, *Rana v. Islam*, No. 14-CV-1993 (SHS), 2016 WL 2758290, at *5 (S.D.N.Y. May 12, 2016), *aff'd on other grounds*, 887 F.3d 118 (2d Cir. 2018). That, itself, constitutes ample warning.

Accordingly, to the extent that it is even necessary in light of Defendants' failure to answer the First Amended Complaint, the Court GRANTS Plaintiffs' motion and strikes Defendants' Answer. As a result, Defendants are deemed to be in default.

## B. Default Judgment

The inquiry, however, does not end there. In light of Defendants' default, the Court must decide "whether [Plaintiffs have] pleaded facts supported by evidence sufficient to establish [Defendants'] liability with respect to each cause of action asserted." *Santana v. Latino Express Rests., Inc.*, 198 F. Supp. 3d 285, 291 (S.D.N.Y. 2016); *see, e.g.*, *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (noting that a defaulting defendant admits to all liability-related well-pleaded factual allegations in the complaint). The Court finds that they do.[2]

First, to establish their overtime compensation claim under the FLSA, Plaintiffs must allege that they were Defendants' "employee[s], that [their] work involved interstate activity, and that [they] worked an approximate number of hours for which [they] did not receive . . . overtime wages." *Chen v. Y Cafe Ave B Inc.*, No. 18-CV-4193 (JPO), 2019 WL 2324567, at *2 (S.D.N.Y. May 30, 2019); *see also Rahman v. Red Chili Indian Café, Inc.*, No. 17-CV-5156 (RA), 2021

---

[2] In addition, some courts in this Circuit have held that, before a court enters default judgment as a sanction under Rule 37, it must consider the traditional default-judgment factors, namely "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Tambriz v. Taste & Sabor LLC*, 577 F. Supp. 3d 314, 321 (S.D.N.Y. 2021), *adopted*, 2022 WL 282918 (Jan. 31, 2022). To the extent that the Court must separately consider these factors, it finds that they are satisfied substantially for the reasons discussed above.

WL 2003111, at *2 (S.D.N.Y. May 19, 2021).  The NYLL "governing overtime pay is defined and applied in the same manner as the FLSA."  *Gorey v. Manheim Servs. Corp.,* 788 F. Supp. 2d 200, 205 (S.D.N.Y. 2011).  Here, the First Amended Complaint alleges that Plaintiffs were employed by Boro Concrete and that Moore owned and operated Boro Concrete.  Compl. ¶¶ 8-16, 20-21.  More specifically, Moore had power over personnel and payroll decisions at the company and was able to "establish and pay" Plaintiffs' wages, "set their work schedule," and "maintain[] their employment records."  *Id.* ¶¶ 22-24; *see Chen v. Matsu Fusion Rest. Inc.*, No. 19-CV-11895 (JMF), 2022 WL 3018105, at *3-4 (S.D.N.Y. July 29, 2022) (discussing what it means "[t]o be an 'employer' under the FLSA).  The First Amended Complaint also alleges that Defendants "engaged in interstate commerce," "had employees engaged in commerce," and had annual revenue greater than $500,000.  Compl. ¶ 26.[3]  And finally, the operative Complaint describes the average number of hours each Plaintiff worked per week.  *Id.* ¶¶ 27-71; Pls.' Damages Mem. ¶¶ 53-61; *see Bonn-Wittingham v. Project OHR, Inc.*, 792 F. App'x 71, 75 (2d Cir. 2019) (summary order) ("In order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." (cleaned up)).  Accordingly, Plaintiffs have established their overtime compensation claims under the FLSA and NYLL.

Second, Plaintiffs adequately plead that they did not receive wage notices when hired and did not receive pay stubs at the end of each pay period.  *See* Compl. ¶¶ 72-73, 108, 111.  These

---

[3]  Although these allegations are arguably conclusory, *see, e.g.*, *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 85-86 & n.7 (E.D.N.Y. 2012), the Court concludes that they suffice under the circumstances, *see, e.g.*, *Reyes-Fana v. Moca Grocery NY Corp.*, No. 21-CV-4493 (AMD), 2022 WL 5428688, at *5 (E.D.N.Y. Aug. 16, 2022), *adopted*, 2022 WL 4094241 (Sept. 7, 2022); *Kim v. Superior Cafe Corp.*, No. 21-CV-3620 (GBD), 2021 WL 5315704, at *3 n.7 (S.D.N.Y. Oct. 7, 2021), *adopted*, 2022 WL 481725 (Feb. 15, 2022).

allegations are enough to support their NYLL wage notice and pay stub claims. *See, e.g.*, *Corrales v. AJMM Trucking Corp.*, No. 19-CV-4532 (LJL), 2020 WL 1911189, at *3 (S.D.N.Y. Apr. 20, 2020).

Accordingly, Plaintiffs' motion for entry of default judgment is GRANTED. For now, however, that is only as to liability. In its November 21, 2022 Order, the Court noted that the current record is inadequate to support Plaintiffs' requests for damages and attorney's fees. *See* ECF No. 79. The Court directed Plaintiffs to submit "documentary evidence, based upon personal knowledge, to support the underlying assumptions in their calculations (each plaintiff's dates of work, wage rate, etc.)," as well as "timesheets or any other contemporaneous records to show that their request [for attorney's fees] is reasonable." *Id.* The Court will reserve judgment on damages and fees until it receives those materials, currently due December 16, 2022. *See* ECF No. 84.

## CONCLUSION

For the foregoing reasons, the Court enters default judgment in Plaintiffs' favor as to liability only. The Clerk of Court is directed to terminate ECF Nos. 73 and 75.

SO ORDERED.

Dated: December 9, 2022
      New York, New York

JESSE M. FURMAN
United States District Judge