```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
JOSE ELMER FLORES et al.,                                          :
                                                                   :
                                Plaintiffs,                        :
                                                                   :         21-CV-5006 (JMF)
            -v-                                                    :
                                                                   :         DEFAULT JUDGMENT
BORO CONCRETE CORP. et al.,                                        :
                                                                   :
                                Defendants.                        :
                                                                   :
-------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, the Court entered default judgment in Plaintiffs' favor, but only as to liability. *See* ECF No. 85. The Court reserved judgment on damages and fees pending submission by Plaintiffs of documentary evidence to support their requests. *Id.*; *see also* ECF No. 79. On January 3, 2023, Plaintiffs filed a supplemental submission with evidentiary support as to damages. *See* ECF No. 88. Plaintiffs did not, however, submit documentary support for their attorney's fees request. Accordingly, the Court declines to award any fees, but grants judgment in Plaintiffs' favor as follows:

- **Jose Elmer Flores**, in the amount of **$29,548.00** plus post-judgment interest.
- **Cesar Reyes-Argueta**, in the amount of **$13,191.43** plus post-judgment interest.
- **Melvin Vigil Mejia**, in the amount of **$13,191.43** plus post-judgment interest.
- **Mauricio Pereira**, in the amount of **$30,246.14** plus post-judgment interest.
- **Hector Calero Aguilar**, in the amount of **$55,822.86** plus post-judgment interest.
- **Jaime Mejia**, in the amount of **$52,400.00** plus post-judgment interest.
- **Jose Benedicto Mirada Portillo**, in the amount of **$43,829.71** plus post-judgment

interest.

- **Daniel Miranda Portillo**, in the amount of **$52,654.86** plus post-judgment interest.[1]

Plaintiffs' counsel did not submit an affidavit from Plaintiff **Jose Serrano Guzman,** explaining that they had been unable to reach him "despite . . . numerous efforts." ECF No. 88. Accordingly, it is hereby ORDERED that, no later than **January 24, 2023**, Guzman shall show good cause in writing why his claims should not be deemed abandoned. Failure to do so will result in his claims being dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure without further notice.

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Court finds that there is no just reason for delay in entering partial final judgment. Accordingly, the Clerk of Court is directed to enter judgment in favor of all Plaintiffs other than Jose Serrano Guzman in accordance with this Order and with the Order at ECF No. 85.

SO ORDERED.

Dated: January 4, 2023
New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] The Court used Plaintiffs' damages spreadsheet, ECF No. 76-2, to calculate these totals. The final amounts differ from those submitted by Plaintiffs in connection with their default judgment motion for three reasons. First, there were discrepancies between some of Plaintiffs' sworn affidavits, ECF No. 88-1 to 88-8, and the declaration Plaintiffs submitted in connection with their default judgment motion, ECF No. 76. In those instances, the Court treated the affidavits as controlling. Second, each affidavit provided only the general months of employment for each Plaintiff. Plaintiffs self-servingly calculated their damages from the start of the first month to the end of the last month; by contrast, the Court used the middle of each month on the theory that that is more accurate and fair. *See, e.g.*, *Poplawski v. Metroplex on the Atls., LLC*, No. 11-CV-3765, 2013 WL 12438839, at *2, 8 (E.D.N.Y. Apr. 3, 2013), *adopted*, 2013 WL 12438843 (E.D.N.Y. Apr. 26, 2013). Finally, two Plaintiffs (Cesar Reyes-Argueta and Melvin Vigil Mejia) were not entitled to the statutory maximums for their NYLL claims because they did not work the requisite number of days.